"A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OSWEGO
-------------------------------------------------------------X
Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant,

                    Plaintiff,

vs.

NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn and Melissa Noel,
                    Defendants.
-------------------------------------------------------------X

Index No.: EFC-2024-0918
Purchase Date: 06/05/2024

NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

! If you are represented by an attorney:
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

! If you are not represented by an attorney:
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

    ! serving and filing your documents electronically
    ! free access to view and print your e-filed documents
    ! limiting your number of trips to the courthouse
    ! paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:

    ! visit: www.nycourts.gov/efile-unrepresented or
    ! contact the Clerk's Office or Help Center at the court where the case was filed.
Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
(E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) File the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: June 5, 2024

Genevieve E. Harte, Esq.
215 Burnet Avenue
Syracuse, NY 13203
(315) 474-3742
eharte@stanleylawoffices.com

To:
NORTHERN OSWEGO COUNTY
HEALTH SERVICES, INC.
d/b/a ConnextCare and

Melissa Noel
61 Delano Street
Pulaski, New York 13142

Sarah Dunn
217 Kenwick Drive
Syracuse, New York 13208

Melissa Noel
337 Sundown Road,
Fulton, New York 13069

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OSWEGO

Index No.:
Date Purchased:

Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant,

                Plaintiff,

vs.

NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn and Melissa Noel,

                Defendants.

## SUMMONS

Plaintiff designates Oswego County as the place of trial.

The basis of venue is:
Plaintiff's place of residence.

Plaintiff resides at:
6413 U.S. Route 11
Sandy Creek, Oswego County,
New York, 13145

## TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys, within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 5, 2024
      Syracuse, New York

_Genevieve Harte_
GENEVIEVE HARTE, ESQ.
Stanley Law Offices, LLP
*Attorneys for Plaintiff*
Meredith Gibbons as Parent and Legal
Guardian of L.G., an Infant
215 Burnet Avenue
Syracuse, New York 13203
(315) 474-3742

TO: **Defendants**

NORTHERN OSWEGO COUNTY
HEALTH SERVICES, INC.
d/b/a ConnextCare and

Melissa Noel
61 Delano Street
Pulaski, New York 13142

Sarah Dunn
217 Kenwick Drive
Syracuse, New York 13208

Melissa Noel
337 Sundown Road,
Fulton, New York 13069

FILED: OSWEGO COUNTY CLERK 06/05/2024 10:22 AM                INDEX NO. EFC-2024-0918
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 06/05/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OSWEGO

---

Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant,

    Plaintiff,

vs.

NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn and Melissa Noel,

    Defendants.

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

---

Plaintiff, **Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant,** by her attorneys, **STANLEY LAW OFFICES, LLP,** complaining of **Defendants, NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn and Melissa Noel,** respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At the time of the commencement of this action, Plaintiff was a resident of the County of Oswego, State of New York.

2. That this action falls within one or more of the exceptions set forth in CPLR §1602.

3. At all times mentioned herein, **Defendant NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare** is a Domestic Not-For-Profit Corporation registered with the New York Department of State.

4. At all times mentioned herein, **Defendant NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare** is located at 61 Delano St, Pulaski, County of Oswego, New York, 13142.

5. At all times mentioned herein, Defendant **NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare** owned, operated, controlled, and managed a dental practice pursuant to the laws of the State of New York for the care of the sick, which provided personnel, including dental doctors, nurses, attendants, and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff, could be treated for various ailments.

6. At all times mentioned herein, **Defendant NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare** its agents, servants, and employees, represented that it was competent to perform and render all the dental care, treatment, services, advice, and supervision required by **Plaintiff and Infant L.G.**

7. At all times mentioned herein, **Defendant Sarah Dunn, DDS** was and still is a Doctor of Dental Surgery and dentistry practitioner licensed to practice in the State of New York and was an employee, agent, and licensee of **Defendant NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare.**

8. At all times mentioned herein, Defendant **Sarah Dunn, DDS** held herself out to be a dental surgeon offering professional services to the public in general, and to **Infant L.G.** in particular.

9. At all times mentioned herein, **Defendant Sarah Dunn, DDS** represented that she was competent to perform and render all the dental care, treatment, services, and advice required by the **Plaintiff and Infant L.G.**

10. At all times mentioned herein, **Defendants NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare and Sarah Dunn, DDS,** stood in such a

relationship with each other in their care and treatment of **Infant L.G.** as to make each other liable for the acts and omissions of the other.

11. At all times mentioned herein, **Defendant Melissa Noel, DDS** was and still is a Doctor of Dental Surgery and dentistry practitioner licensed to practice in the State of New York was and still is an employee, agent, and licensee of **Defendant NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare.**

12. At all times mentioned herein, **Defendant Melissa Noel, DDS** held herself out to be a dental surgeon offering professional services to the public in general, and to **Infant L.G.** in particular.

13. At all times mentioned herein, **Defendant Melissa Noel, DDS** represented that she was competent to perform and render all the dental care, treatment, services, and advice required by the Plaintiff.

14. At all times mentioned herein, **Defendants NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare and Melissa Noel, DDS** stood in such a relationship with each other in their care and treatment of **Infant L.G.** as to make each other liable for the acts and omissions of the other.

15. That on or about December 28, 2021, **Infant L.G.**, had a "baby" or deciduous tooth "H" that required extraction, thus, Plaintiff sought the professional care of Defendant **NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare**, its agents, servants, and employees, for certain dental complaints, from which he was suffering. **Defendant NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare** its agents, servants, and employees rendered dental care, diagnosis, treatment, and services to **Infant L.G.**

16. That on or about December 28, 2021, **Defendants NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare and Sarah Dunn** wrongly extracted an "adult" or permanent tooth, at tooth #10, from **Infant L.G.**

17. Subsequently, Plaintiff sought the dental services of **Defendants NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare and Melissa Noel**, regarding the wrong tooth being extracted. That on or about December 28, 2021, **Defendants NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare**, and **Melissa Noel, DDS** wrongly reimplanted tooth #10 into the tooth socket, splinting it to other teeth, using metal wire to splint teeth 8, 9, 10 and H together, causing additional damage to **Infant L.G.**

18. The above dental care, diagnosis, treatment, services, and supervision rendered to **Plaintiff and Infant L.G** by **Defendants, NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn, DDS and Melissa Noel, DDS** was rendered carelessly, unskillfully, and negligently, and were not in accordance with accepted standards of dental care, diagnosis, treatment, services, and supervision rendered in the community.

19. By reason of the above, **Infant L.G** has sustained great pain, agony, injury, suffering, additional surgery, significant disfigurement, invasion, and disruption of the integrity of the body and permanent damage, as well as mental anguish and emotional distress.

20. By reason of the above, Plaintiff has sustained damages, both general and special, in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

22. Defendants, **NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn, DDS and Melissa Noel, DDS**, were negligent in hiring and supervising dental personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of dental professionals in the community.

23. By reason of the above, **Infant L.G** has sustained great pain, agony, injury, suffering, additional surgery, significant disfigurement, invasion, and disruption of the integrity of the body and permanent damage, as well as mental anguish and emotional distress.

24. By reason of the above, Plaintiff has sustained damages, both general and special, in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

26. Defendants, **NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn, DDS and Melissa Noel, DDS**, their agents servants, and employees failed to inform **Plaintiff, Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant**, of the reasonably foreseeable risks, benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by reasonable dental practitioners, in similar circumstances in consequence of which Defendants failed to obtain an informed consent thereto pursuant to New York Public Health Law § 2805-D (2014).

27. A reasonably prudent person in Plaintiff's position would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

28. The lack of informed consent alleged herein is the proximate cause of the injuries, conditions and disabilities for which recovery is sought.

29. By reason of the above, **Infant L.G.**, has sustained great pain, agony, injury, suffering, additional surgery, significant disfigurement, invasion, and disruption of the integrity of the body and permanent damage, as well as mental anguish and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: June 5, 2024
Syracuse, New York

GENEVIEVE HARTE, ESQ.
Stanley Law Offices, LLP
*Attorneys for Plaintiff*
Meredith Gibbons as Parent and Legal
Guardian of L.G., an Infant
215 Burnet Avenue
Syracuse, New York 13203
Tel.: (315) 474-3742

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OSWEGO

---

Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant,

                Plaintiff,

vs.

NORTHERN OSWEGO COUNTY HEALTH SERVICES, INC. d/b/a ConnextCare, Sarah Dunn and Melissa Noel,
                Defendants.

**CERTIFICATE PURSUANT TO CPLR § 3012 (a)**

Index No.:

---

    **GENEVIEVE HARTE**, an attorney duly admitted to practice before the courts of this State, and associated with **STANLEY LAW OFFICES, LLP**, attorneys for Plaintiff, **Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant**, affirms the following to be true under penalties of perjury:

    I certify that I have reviewed the facts of this case and have consulted with a dentist, licensed to practice in New York State, who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated: June 5, 2024
       Syracuse, New York

                                                _____
                                                GENEVIEVE HARTE, ESQ.

## ATTORNEY'S VERIFICATION

**GENEVIEVE HARTE**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an Attorney and associated with **STANLEY LAW OFFICES**, attorneys of record for Plaintiff, **Meredith Gibbons as Parent and Legal Guardian of L.G., an Infant.** I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: June 5, 2024
Syracuse, New York

_____
GENEVIEVE HARTE, ESQ.