UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEREDITH GIBBONS, as Parent and Legal
Guardian of L.G. an Infant,

                              Plaintiff,

v.                                                      5:24-CV-1402
                                                        (GTS/MJK)
NORTHERN OSWEGO COUNTY HEALTH
SERVICES, INC. d/b/a ConnextCare; SARAH
DUNN; and MELISSA NOEL,

                              Defendants.
_____

APPEARANCES:                              OF COUNSEL:

STANLEY LAW OFFICES LLP                   JAMIE M. RICHARDS, ESQ.
  Counsel for Plaintiff
215 Burnet Avenue
Syracuse, NY 13203

UNITED STATES ATTORNEY'S OFFICE           EMER M. STACK, ESQ.
NORTHERN DISTRICT OF NEW YORK             Assistant U.S. Attorney
  Counsel for Defendants
100 South Clinton Street, Suite 9000
Syracuse, NY 13261

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Federal Tort Claims Act ("FTCA") action filed by

Meredith Gibbons ("Plaintiff") as the parent and legal guardian of L.G., against Northern

Oswego County Health Services, Inc., doing business as ConnextCare ("ConnextCare"), and

physicians Sarah Dunn and Melissa Noel (collectively "Defendants"), are the following motions:

(1) Defendants' motion to substitute the United States of America as the defendant in this action

pursuant to 28 U.S.C. § 2679; (2) Defendants' motion to dismiss the Complaint for lack of

subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and (3) Plaintiff's cross-motion

to remand this action to the Oswego County Supreme Court.  (Dkt. Nos. 7, 9.)  For the reasons

set forth below, Defendants' motions are both granted, and Plaintiff's cross-motion is denied.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Generally, in her Complaint, Plaintiff asserts the following three claims: (1) a claim that

Defendants acted negligently in the provision of medical (specifically, dental) services to L.G.

when Defendant Dunn extracted the incorrect tooth and Defendant Noel wrongly reimplanted

that tooth back into its socket and splinted it to other teeth, causing additional damage; (2) a

claim that Defendant ConnextCare acted negligently in hiring and supervising the individual

defendants; and (3) a claim that Defendants failed to provide Plaintiff with informed consent for

the relevant dental procedure.  (Dkt. No. 3.)  As will be discussed below related to the pending

motions, although Plaintiff did not assert any of these claims pursuant to the FTCA, they must be

construed as arising under that statute because the Defendants are all government employees for

the purposes of the FTCA.

### B.      Parties' Briefing on Defendants' Motion to Dismiss

#### 1.      Defendants' Memorandum of Law

Generally, in their motion to dismiss, Defendants make two arguments.  (Dkt. No. 7,

Attach. 1.)  First, Defendants argue that the United States must be substituted as the sole

defendant in this action because Plaintiff's claims arise under the FTCA (given the fact that

Defendant ConnextCare is a federally funded health clinic that has been deemed to be an

employee of the Public Health Service, and the fact that the individual Defendants were

2

employees acting within the scope of their employment at the time of the allegedly tortious conduct).  (*Id.* at 4-5.)

Second, Defendants argue that Plaintiff's Complaint must be dismissed with prejudice because Plaintiff did not (and could not now) file a timely administrative claim related to the alleged tortious conduct, and such action is a non-waivable jurisdictional requirement to bringing a civil suit under the FTCA.  (*Id.* at 5-7.)

### 2.     **Plaintiff's Opposition Memorandum of Law**

Generally, in opposition to Defendants' motion, Plaintiff makes three arguments.  (Dkt. No. 9.)  First, Plaintiff argues that this action should be remanded back to the Oswego County Supreme Court because the removal was untimely.  (*Id.* at 5-6.)

Second, Plaintiff argues that her claims are not asserted pursuant to the FTCA because the specific procedure (i.e., dental extraction) is not covered by government funding given that such procedure is billed through Plaintiff's insurance rather than paid for by the government.  (*Id.* at 6-7.)

Third, Plaintiff argues that, even if she was required to file an administrative claim, such requirement should be excused (or the limitations period tolled) in this case because Defendants and their insurance carriers misrepresented the nature of this claim by conducting an insurance investigation and by not providing any indication that the claims are covered by the FTCA, and Plaintiff materially relied on those misrepresentations.  (*Id.* at 7-8.)

### 3.     **Defendants' Reply Memorandum of Law**

Generally, in reply, Defendants make four arguments.  (Dkt. No. 13.)  First, Defendants argue that the removal to this Court was timely under 42 U.S.C. § 233, which permits a case to

3

be removed at any time before trial under the circumstances presented here, and that the other removal statute relied upon by Plaintiff in support of her argument (28 U.S.C. § 1446) is therefore not applicable.  (*Id.* at 5-6.)

Second, Defendants argue that the United States must be substituted as the defendant in this case because the United States Attorney has certified that Defendants Dunn and Noel were acting within the scope of their employment as designated employees of the United States at the relevant time, and that Defendant ConnextCare is an entity deemed eligible for FTCA coverage. (*Id.* at 6-7.)  Defendants further argue that Plaintiff's arguments that the provided services were outside of the scope of coverage are belied by the record, and she has not provided any evidence to merit a *de novo* review of that assessment and has not shown that any deviation from the scope-of-employment certification would be proper.  (*Id.* at 7-9.)

Third, Defendants argue that Plaintiff's failure to exhaust requires dismissal with prejudice for the following reasons: (a) that requirement is jurisdictional and cannot be waived; (b) Plaintiff's failure to recognize that the claims here arise under the FTCA does not excuse the failure to file an administrative claim; and (c) she should not be permitted the benefit of equitable tolling to extend the time limit to file an administrative claim because she has not shown that she acted diligently in pursuing her FTCA claim given that her own admissions appear to show that she did not perform any research into whether Defendants are covered by the FTCA, and she has not shown that any extraordinary circumstance prevented her from complying with the FTCA deadline.  (*Id.* at 9-14.)

Fourth, Defendants argue that Plaintiff's cross-motion to remand is procedurally defective because it does not include a required notice of motion.  (*Id.* at 14-15.)

4

## II.     LEGAL STANDARD GOVERNING A MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction.  *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

## III.     ANALYSIS

### A.     Whether the United States Must Be Substituted as the Proper Defendant

After careful consideration, the Court answers the above question in the affirmative for the reasons stated in Defendants' memoranda of law.  *See, supra,* Parts I.B.1 and 3 of this Decision and Order.  To those reasons, the Court adds the following analysis (which is intended to supplement, and not supplant, Defendants' reasons).

Defendants first argues that the United States must be substituted as defendant in this action because Defendant ConnextCare (and, by virtue of their employment, Defendants Dunn and Noel) have been deemed to be employees of the Public Health Service ("PHS"), and, therefore, Plaintiff must pursue her claims through the FTCA against the United States.  (Dkt.

No. 7, Attach. 1, at 4-5.)  The FTCA provides that a federal civil suit against the United States is the exclusive remedy for seeking monetary damages for loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, except in cases where the civil action is brought for violation of the Constitution of the United States or for violation of a statute of the United States under which such action is otherwise authorized.  28 U.S.C. §§ 1346(b)(1), 2679(b)(1), (2).  As a result, where a plaintiff asserts claims for personal injury (as Plaintiff does here), the fundamental question is whether the alleged tortfeasors are considered employees of the Government.

Defendants have provided undisputed evidence that shows that question must be answered in the affirmative here.  In their Notice of Removal, they included copies of paperwork from the Health Resources and Services Administration ("HRSA") substantiating that Defendant ConnextCare was deemed to be an employee of the PHS and, as a result, is covered by the liability protection of the FTCA for the period from January 1, 2020, through at least December 31, 2024.  (Dkt. No. 1, Attach. 2, at 5-14.)  Because Plaintiff alleges the conduct causing L.G.'s injury occurred on December 28, 2021, this evidence shows that Defendant ConnextCare was a deemed entity at the relevant time.  An affidavit from Meredith Torres (a Senior Attorney with the Department of Health and Human Services) also confirms (consistent with Plaintiff's own allegations) that Defendants Dunn and Noel were employees of Defendant ConnextCare at the relevant time.  (Dkt. No. 1, Attach. 2, at 3.)  Plaintiff does not appear to contest these facts.  As a result, Defendants have adequately shown that they were employees of the Government at the time the relevant conduct occurred, and therefore that conduct falls under the scope of the FTCA.

As to substitution of the United States, Section 2679 provides that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United Stated shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1). Defendants have provided a certification signed by Carla B. Freedman (who, at the relevant time, was the United States Attorney for the Northern District of New York), in which she states that, pursuant to the authority vested in her by the Attorney General under 28 C.F.R. Part 15.3, it is certified that Defendants Dunn and Noel "were at the time of the alleged incidents in the Complaint, licensed dentists for Northern Oswego County Health Services, Inc., d/b/a, ConnextCare, a federally deemed health center, and were acting within the scope of their employment at all times relevant to the Complaint."  (Dkt. No. 1, Attach. 3, at 2.)  Because this certification satisfies the requirements of Section 2679(d)(1), the United States must be substituted as the proper party in this action.

Relatedly, as to Plaintiff's cross-motion to remand, 42 U.S.C. § 233(c) necessitates the denial of that motion.  As Defendants argue (and Plaintiff herself acknowledges in her opposition memorandum of law), this case was not removed pursuant to 28 U.S.C. § 1446(b), but rather 42 U.S.C. § 233.  (Dkt. No. 1; Dkt. No. 9, at 5.)  That statute states that, "[u]pon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond *at any time before trial* by the Attorney General to the

district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States." 42 U.S.C. § 233(c) (emphasis added); *see also* 28 U.S.C. § 2679(d)(2) (containing functionally identical language). Consequently, because Plaintiff's claims arise under the FTCA, and because it has been properly certified that the Defendants acted within the scope of their employment when performing the relevant dental procedure, removal was appropriate any time before trial and was effected in a timely manner here. Plaintiff's cross-motion must be denied.

For the above reasons, the Court finds that the United States must be substituted as the defendant in this action, and also finds that removal of this action to this Court was proper and timely pursuant to 42 U.S.C. § 233. In these respects, Defendants' motion is granted, and Plaintiff's cross-motion for remand is denied.

### B.    Whether the Complaint Must Be Dismissed for Lack of Subject-Matter Jurisdiction

After careful consideration, the Court answers the above question in the affirmative for the reasons stated in Defendants' memoranda of law. *See, supra,* Part I.B.1 and 3 of this Decision and Order. To those reasons, the Court adds the following analysis (which, again, is intended to supplement, and not supplant, Defendants' reasons).

The question of whether this Court has subject-matter jurisdiction over Plaintiff's claims hinges on whether Plaintiff has complied with the conditions precedent to suit in the FTCA, namely filing an administrative claim with the Department of Health and Human Services. However, as an initial matter, Plaintiff argues that whether she filed a claim or not is irrelevant because her claims do not arise under the FTCA for the reason that the actual procedure that caused the alleged injuries was not covered by federal funding. (Dkt. No. 9, at 6-7.) This

8

argument, while creative, is simply incorrect.  Plaintiff offers absolutely no legal authority or

support for her argument that it is the specific service provided, as opposed to the entity

providing the services, that dictates whether a claim falls under the FTCA.  (Dkt. No. 9, at 6-7.)

Nor does she provide any evidence to substantiate her argument that the provided service here

(i.e., tooth extraction) was not "covered" by federal funding.  Whether an injury is "covered" by

the FTCA is not dependent on who pays the bill for such services (as Plaintiff now argues), but

rather whether the tortfeasor (or their employees) have been deemed to be government

employees.  28 U.S.C. § 1346(b)(1).  As was discussed above, Defendant ConnextCare has been

deemed an employee of the PHS, Plaintiff herself alleges that Defendants Dunn and Noel were

employees of Defendant ConnextCare, and Plaintiff has not asserted any opposition to the

argument that they were acting in the scope of their employment when performing the relevant

dental care for L.G.  That those procedures might under ordinary circumstances be billed to

Plaintiff's insurance is irrelevant to whether that conduct is covered under the FTCA.

Because the Court has found that such conduct is covered under the FTCA by virtue of

the status of the Defendants, Plaintiff was required to file an administrative claim before filing a

civil action.  *See Alaidrus v. United States*, 25-CV-0491, 2025 WL 1695450, at *2 (N.D.N.Y.

June 17, 2025) (Stewart, M.J.) (noting that "the FTCA requires a claimant to exhaust

administrative remedies prior to initiating a FTCA action in federal court," which is described as

a "strict exhaustion requirement[]") (citing *Celestine v. Mount Vernon Neighborhood Health

Ctr.*, 403 F.3d 76, 82 [2d Cir. 2005]); *see also Brooks v. Albany Stratton Veterans Hosp.*, 24-CV-

0970, 2025 WL 40855, at *4-5 (N.D.N.Y. Jan. 7, 2025) (Lovric, M.J.), report-recommendation

adopted by 2025 WL 317241 (N.D.N.Y. Jan. 28, 2025) (Brindisi, J.) (dismissing FTCA claim for

lack of subject-matter jurisdiction where the plaintiff failed to plead compliance with the exhaustion requirements). This requirement is jurisdictional and cannot be waived. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Plaintiff appears to admit that she did not file an administrative claim before filing the current action with the Oswego County Supreme Court. (*See* Dkt. No. 9 ["Plaintiff relied on the insurance carriers['] representation as the coverage provide[r] for Dr. Dunn and ConnextCare and did not believe a claim, administrative or otherwise, needed to be presented to a Federal agency for review."). Because Plaintiff has not filed an administrative claim, she has not exhausted her administrative remedies, and this Court lacks jurisdiction to hear her claims.

Defendants have asked the Court to dismiss Plaintiff's claims with prejudice because she has failed to show any basis for equitable relief that would make the future filing of an administrative claim timely. However, because the failure to file an administrative claim implicates the Court's subject-matter jurisdiction, the Court finds the more appropriate course of action to be dismissal of the Complaint without prejudice.[1] *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice.") (quoting *Donnelly v. CARRP*, 37 F.4th 44, 57 [2d Cir. 2022]); *see also Scott v. Soc. Sec. Admin.*, 693 F. Supp. 3d 366, 373 (W.D.N.Y. 2023) (dismissing FTCA claims without prejudice where the plaintiff failed to properly file a timely administrative claim);

---

[1]    This is true even though the parties have raised a dispute about whether equitable tolling could potentially make a late filing timely. There is no administrative claim currently existing (and, as discussed above, no subject-matter jurisdiction), and therefore questions about tolling would be more appropriately resolved in a subsequent civil action after Plaintiff files an administrative claim, should she choose to do so.

10

*accord Carroll v. United States*, 23-CV-1553, 2024 WL 1459772, at *6 (N.D.N.Y. Apr. 4, 2024)

(Hummel, M.J.), report-recommendation adopted by 2024 WL 3158620 (Kahn, J.); *Am. United*

*Transp. Inc. v. Western Reg'l Union*, 569 F. Supp. 3d 151, 157 (E.D.N.Y. 2021).

ACCORDINGLY, it is

ORDERED that Defendants' motion to substitute the United States as Defendant and

motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 7) are **<u>GRANTED</u>**; and it is

further

ORDERED that Plaintiff's cross-motion to remand (Dkt. No. 9) is **<u>DENIED</u>**; and it is

further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u> without prejudice**

for lack of subject-matter jurisdiction.

Dated: July 23, 2025
           Syracuse, New York

Glenn T. Suddaby
U.S. District Judge